This case depends entirely upon the just construction of the act of 1784, regulating descents, and the act of 1795, admitting females to the inheritance; the great object of which law is to make the estates of the children entitled to the inheritance as nearly equal as possible. It is to descend to all the children, share and share alike, except such sons or daughters as have and had lands settled on them by their deceased parents equal to the share descending to the other children. If the share so settled be not equal to the part descending, it is to be (401) made so out of that. The term employed by the law is "settle," and this applies as significantly to a devise as to a deed. The opposite construction drawn from the English statute of distribution has been in consequence of the peculiar wording of the act, which has the word "lifetime," and has been thought to signify such a provision as is made in the intestate's lifetime, and not by will (2 P. Wm., 441), though the decisions have not been uniform in this. 9 Vesey, 413.
We are therefore of opinion that the children of John Branch, upon whom lands have been settled by him, either by deed or devise, and his grandchildren upon whose parents similar settlements have been made, must bring into hotchpot all such lands, provided they claim to share with Patience or the petitioner, who purchased from her, in the tract of land which John Branch died intestate.
NOTE. — See 1 Rev. Stat., ch. 38, Rule 2.
Overruled: Brown v. Brown, 37 N.C. 311; Johnston v. Johnston, 39 N.C. 11;Donnell v. Mateer, 40 N.C. 11; Jerkins v. Mitchell,57 N.C. 210, 211. *Page 305